Good afternoon, your honors. I'm Christina Farley-Jackson with the Federal Defender Program and I represent Darrell Jones the appellant. This is a case where the district court imposed supervised release conditions that were not sufficiently tailored to Mr. Jones's case. Allegations of a district court's failure to impose supervised release conditions that do not comply with 18 USC 3553K. Now it seems to me this is as opposed to the cases we've normally seen lately. This judge went into great detail on tailoring these to his background and so forth, didn't he? Didn't you have, weren't there a couple of days you went through? We had two different sentencing hearings in this case and we believe that the judge did not articulate the reasons for imposing these supervised release conditions. What he did was a blanket adoption of the conditions that were presented by the probation office here. So with respect to Your office has been very successful in requiring and pushing on this issue but if we go this far the judges are going to take an awful long time on trying to articulate in these sort of hearings the support for their decisions to impose conditions, right? I think in this case, particularly in this case, because it's a failure to register under SORNA and so the conditions that are being imposed or that were proposed in this case, the special conditions, included conditions such as mental health treatment, such as sex offender treatment, psychological physiological treatment, and certain financial conditions and restrictions with respect to Mr. Jones' ability to be involved with or surrounded by or in the company of minors. And so I think that it's very important because of the restrictions of liberty that's being imposed in a case, specifically here where Mr. Jones was someone who had been convicted of the underlying sexual convictions in 1988 and he was released in 1994. He didn't have any other sexual offenses that he had been convicted of since 1994. He didn't complete though his required, early on didn't complete the required training things, did he? No. So that violation regarding failure to complete the condition of the sexual offense treatment program was in 1994. And so he did have, as a result, his violation, his probation was revoked, he was sentenced to a term of imprisonment and so was ultimately released in 2000. But even if we're looking at the time frame here, this is a case where his allegation of failure to register, he just pled guilty in this case in 2013. So you still have a span of time that Mr. Jones had demonstrated by his actions and not had any other sexual offenses that he indeed was not one we think these specific conditions should apply to. And we think that here the district court judge did not, though arguments were made by both sides, that district court judge did not articulate why he was imposing these special conditions. And the imposition of special conditions is something that is under the sentencing requirement for the district court judge to be able to impose those, not just looking at what the probation officer has imposed. With respect to that first condition, the sexual offense treatment and the mental health treatment, we think that if looking at Goodwin and looking at Siegel, which deal a lot with the special conditions that are imposed, that that's exactly what happened here. There was this lack of the articulated connection between the special condition that was imposed with respect to sexual offense treatment or mental health treatment, as well as the rationale for imposing these conditions with Mr. Jones's case. Again, looking at the distance from when he was actually convicted of his underlying sexual offenses, not having any more convictions of sexual offense apart from that violation where he was then resentenced in 2000. And so you have that long span of time between the original conviction in 1988, he's released in 1994, released again in 2000, but this case has been charged in 2013. So I think that not having that articulation of why this condition was necessary after all of that time in Mr. Jones's case, where we believe we presented evidence that it was not necessary, is something that requires the case to be sent back for the district court judge to articulate those conditions. Additionally, the same thing with respect to why Mr. Jones was imposed, a condition was imposed regarding limiting his contact with minors. Here we would argue that this was not reasonably related to Mr. Jones's underlying, his offense of conviction, the failure to register, nor had he been convicted or charged with offenses regarding any sort of sexual abuse with respect to children. And the condition that was imposed, we submitted, was one that required a greater deprivation of liberty than was reasonably necessary here. Counsel, if I could ask, I just want to make sure I'm following the issues remaining in your client's case. Is it the position of your client that the district court addressed all the mitigating principle arguments and mitigation with regard to his sentence and so that any issues left are just with regard to the conditions imposed on supervision? No, we actually made two arguments. So one dealt with the fact that we believe that the district court judge did not address the non-frivolous arguments with respect to mitigation that we'd made. Wasn't in fact the only argument that was made as a mitigating factor was that your client had gotten his life back on the right track? Well, we articulated that in a more drawn-out manner. So we actually showed that Mr. Jones had been employed for a span of time. Since his being released, that he did not have any other sexual offenses that he had been convicted of since that underlying conviction there from 19, from 1988. We also put forth that he had obtained further education. Let me ask you this, how did those facts relate to his failure to register as a mitigating factor? We think that because the district court judge, when he articulated and imposed the sentence for the failure to register, which was the offense, the government had relied on arguments regarding his underlying convictions, those 1988 sexual offense convictions. So this was something that the district court judge articulated when he was imposing the sentence. So there was a need to show him, the judge, that there was no risk of recidivism with respect to Mr. Jones committing these offenses in the future. Because that seemed to be one of the main concerns, not just the failure to register, which was that offense that he was actually convicted of here, but looking at the nature of those underlying convictions. And that's something that the government went into great detail about during the sentencing and it's something that the judge also remarked on. So it was something that we believe was linked to those 3553A factors with respect to showing that he was at a low risk of recidivism of committing an underlying offense similar to that 1988 conviction. We also think that the condition regarding the financial information that was imposed as a special condition was something that went above and beyond and was not reasonably articulated by the judge during the sentencing hearing. And I'll reserve the remaining amount of time for rebuttal. Thank you. Ms. Bonamici? May it please the court, good morning. Good morning. May I start you out? I know you have so little time. Because you stated in your brief that evidence indicated that defendant continued to have sexual interest in minor children. Where is that evidence in the record? Your Honor, I don't know that that's a direct quote in the brief. It is. What we stated, what we said was that some of this evidence suggested the possibility that that was the case. Let me tell you what that evidence was. First of all, with respect to the violations that was the subject of the prosecution, the defendant suddenly stopped registering under SORNA as he had been doing for nearly 10 years with one exception. All Well, no, he stopped doing it before he moved. He stopped registering for a number of years, then he moved, which by the way obligated him again to re-register, failed to do that. And over an extended period of time he failed to register. And this was unusual compared to his prior conduct. And one thing that we said was that this was a red, this in itself was a red flag, because it did tend to suggest, at least the possibility, that the defendant's actions were motivated by an interest to re-offend without scrutiny. The defendant explained that he moved because his wife had gotten a job in Illinois. However, he never gave any explanation for his sudden failure to register and his failure to register upon moving to Illinois. In addition, the government argued that the extremely serious nature of the defendant's original sex offense, which was raping a ten-year-old girl on multiple occasions, six to eight occasions, over the course of an entire year, was something that just the very nature of the crime... Was that ten-year-old related to him? The record does not reflect that information, Your Honor. Does he have any children now? No, he does not as far as I know, Your Honor. The serious, the extremely serious nature of that conduct, in the government's view, tends to suggest at least the possibility that time, that the passage of time, has not completely eliminated the risk. Third, the government pointed out that the defendant had never, ever completed his sex offender treatment that was, that he was obligated to complete under his original sentence, and we argued that the passage of time had no bearing on that issue. You also indicate the continued denial. What does that mean? He denied having raped her? No, it means that he did not, what he denied and continues to deny, that it was, that he had, he may have denied that at the time. But I mean, go ahead. What he's denied is that he poses any risk of recidivism and he poses any danger to the community. He repeatedly denied that and that denial was based almost exclusively, really exclusively, on the basis that he had not been convicted or arrested of a sex offense over the course of many years, although some of those years were spent in prison. Well, of that 26 years, how much time was spent in prison? He was in prison from 1988 to 1994. He was sent back in 1996. He served till, I think, the year 2000. So that's a but it's also true that it's been, you know, a substantial period since he's been convicted after his release. Let me tell you what troubles me. The judge said very little about the Section 3553 factors until he was prompted by the government, and then in the last seconds of the proceeding, the judge stated that he's considered them and they informed his review of the probation report. And his only statement about the Section 3553 factors is that, quote, he has accepted responsibility for his conduct and advises the court that he is a changed person and that there is no concern about his future conduct. And that seemed like a rather weak review of the 3553 factors for someone who, it seems as if, has had a changed life or, you know, 26 years, a changed life in 26 years. I think we are zeroing in on in this court. Well, you've actually conceded in certain, your office has conceded in certain cases. This is different. That's right, and let me say, I'll give you three reasons why. First of all, with respect to the quote that you're providing, it's my recollection, I could be wrong but I don't think I am, that that is a statement that was made at the end of the first sentencing hearing, not at the end of the second sentencing hearing. And that's important in a lot of respects, particularly with respect to supervised release, because you'll recall that the court rescheduled a separate and additional sentencing hearing to focus primarily on supervised release conditions, providing the parties in advance of that hearing an opportunity to submit supplemental memos after Siegel was issued. And so very much there was very concentrated focus on the appropriateness of the supervised release factors. With respect to both the sentence of imprisonment and the sentence of supervised release, the parties provided substantial arguments all referencing the 3553A factors. That was after a case from this court. Yes, Siegel. Siegel came out and then the second sentencing was out. Right. Substantial arguments that in every case boiled down to basically a choice between the arguments of one party or the other. One party, the defense argued that there was no need for any treatment because the defendant posed no risk of recidivism. He had not been convicted for 26 years, etc., etc. The government argued, on the other hand, well, Judge, look at these factors. There's the sudden failure to register. There's the nature of the crime. There's also a recent history of other offenses, including battery, threatening communications, failure to pay child support, etc. And the court then in each instance made a choice between those two competing arguments. In that context, Your Uncertainty, as to the district court's rationale for the decision that he made, the parties presented the district court with a choice between two positions and two rationales. The court makes the choice. This is not a case where the district court judge just handled the sentencing in a perfunctory manner. I mean, it's the opposite of that case. The judge here considered multiple sentencing memos. A very elaborate and extensive PSR and a supplement to that PSR conducted two long, detailed sentencing hearings in which the district court questioned the lawyers as well as, in a couple of instances, the defendant himself about details in the facts that had been submitted in support of the party's position. The court, in each instance, followed a link, provided both parties with an opportunity not only to argue their position in advance, but then also offered questions and inquired about the position that they were taking and asked them, well, how do you answer this position taken by the other side? This is a case where the record makes perfectly clear that the district court did consider the arguments, all of the arguments of the parties, of both parties, and also the 3553A factors, which, by the way, were as part of their arguments. Although it's clear from the second hearing that the courts considered a lot of these issues with regard to the conditions, where is it he specifically gave an explanation or reasoning for the conditions? Well, I would say that there are a couple of instances. With respect to the issue of treatment... And tailored them. In the tailoring. With respect to the issue of treatment, the court made clear, and I think it's on the defendant's appendix, between 18 and 21, but I think this particular statement is on 20. The court made clear that it regarded that condition as being focused on providing the defendant with testimony, should he need it, and giving the probation officer an opportunity to determine whether treatment was needed, and then to make sure that the defendant got that treatment. With respect to the financial conditions, I think the judge discussed those on page 22 and 23, and indicated that he believed, that's of the appendix, that he indicated that it was important that probation do, or that probation monitor those conditions. And I, you know, I'm not going to say that there's an extensive discussion of these things in each case by the district court. That's not what the government is saying, is that the evidence, the record as a whole, makes perfectly clear that there was a factual basis for the court to find that the conditions of supervised release, as well as the sentence of imprisonment, were warranted and served the specific purposes of sentencing that were outlined by the party's arguments in each case directly preceding the court's discussion or decision. Maybe I missed it in a supplement, but say this one instance where the defendant, the condition was the defendant provide his probation officer with copies of his slash her telephone bills, all credit card statements, receipts, and other financial information requested. There was no explanation that I could find for my review for the condition, and I believe the defendant did not owe any restitution, and I don't believe there was any fine or anything else of financial or monetary. And I agree that the court imposed that condition without specifically addressing it. I think that the employment and financial conditions, I think the court looked at as a piece. The government argued that those conditions were warranted in order to determine whether the, or for the probation officer to monitor whether any of the defendant's expenses suggested a higher, a heightened risk of. You did argue for that condition to be included? We argued for that. I believe that was in the first hearing. I think that was discussed there, but it was, what is true of the record is that there were a of different conditions going back and forth, and there are some instances where there's a little bit of confusion as to what the language was required to be or what language we were dealing with. That's something that I certainly saw in my review of the record. But ultimately, as a whole, it is clear that this was a detailed sentencing hearing in which the court was provided with thing we normally see. Did the Northern District of Illinois, did the Northern District of Illinois, prior to this time, adopt a standard group of conditional release requirements? Well, there were, yes, there was a, the form J&C listed a bunch of required conditions and also a set of conditions that were labeled standard. They were... My question to you, and maybe you don't know the answer to this, did the court itself, by vote of the court, adopt a group of standard release conditions? I don't know the specific answer to that, although it's my understanding that that was something that was adopted by the Judicial Conference more generally, and then the court adopted pretty much the same form that was adopted by the Judicial Conference. I do believe that some other districts in our... Some districts had done that, and I know the Northern District of Indiana has rescinded there. Right, well, and for your information, the district court very recently adopted a new form and is now using a new form in an effort to try and comply with the court's rulings in this area. Thank you. For these reasons and the reasons stated in our brief, we would ask that the court affirm the conviction and sentence of the defendant. Okay, how much time? You have two minutes, Ms. Jackson. A couple of points, Your Honors. That statement regarding the district court judge accepting the conditions proposed by the probation office was actually in the second hearing, so that was during the final sentencing hearing when we were discussing the issues of supervised release, when the district court had to be prompted by the government to then try to articulate... Sometimes that happens when the district court forgets. And we submit that even with that prompting, that the rationale given by the district court was not tailored to Mr. Jones. It did not show that he adequately considered those conditions, those special conditions there. Mr. Jones, we submit, did not just suddenly move or suddenly stop registering. There was... It did move to Chicago, as the record reflects below, because he was engaged and his fiance had found employment here, so he did then move to Chicago. With respect to the statements there in regarding the sexual offender treatment, we don't believe that that was articulated by the district court judge with respect to how it related to Mr. Jones. It stated, should he need it, but there was no articulation when he actually imposed this condition that the district court judge, in fact, believed that Mr. Jones needed to have sexual offender treatment. And for all of these reasons, as well as the other reasons that we've articulated in our briefs, we believe that there was not sufficient consideration given to those special conditions that are outside of the standard conditions that are normally imposed. And we would ask that this court vacate and remand the case for resentencing. Thank you, Ms. Jackson. Thanks, Ms. Bonacic. Thanks to both counsel. The case will be taken under advisement and the court will be in recess.